UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DE'SHAUNDA SMITH<br>320 E. 222nd St.<br>Euclid, Ohio 44123 | )<br>)<br>) | CASE NO.<br><br>JUDGE |
| *On behalf of herself and all others similarly situated,* | )<br>)<br>) | **PLAINTIFF'S COLLECTIVE ACTION COMPLAINT** |
| Plaintiff, | )<br>) | (Jury Demand Endorse Herein) |
| *v.* | )<br>) | |
| FACE 2 RESOURCES CORPORATION<br>c/o Statutory Agent Osaro Igho-Osagie<br>19500 Gardenview Dr.<br>Maple Heights, Ohio 44137 | )<br>)<br>)<br>)<br>) | |
| and | ) | |
| OSARO IGHO-OSAGIE<br>19500 Gardenview Dr.<br>Maple Heights, Ohio 44137 | )<br>)<br>)<br>) | |
| Defendants. | ) | |

Plaintiff De'Shaunda Smith, by and through counsel, for her Collective Action Complaint against Defendants Face 2 Resources Corporation (hereinafter also referred to as "Face 2 Resources") and Osaro Igho-Osagie (hereinafter collectively referred to as "Defendants"), states and alleges the following:

## INTRODUCTION

1. Plaintiff brings this case to challenge the policies and practices of Defendants Face 2 Resources and Osaro Igho-Osagie that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the

FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated" (the "FLSA Collective"). The FLSA also makes it unlawful for an employer to retaliate, or discharge or discriminate, against an employee who seeks to enforce her rights under the FLSA. 29 U.S.C. § 215(a)(3). This case is also about Defendants' illegal retaliatory acts when Plaintiff complained about not being paid overtime as required by the FLSA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 216(b), and 29 U.S.C. § 215(a)(3).

3. This Court has supplemental jurisdiction over Plaintiff's claims under the statutes and laws of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this district and division and a substantial part of the events or omissions giving rise to Plaintiff's and other members of the FLSA Collective's claims occurred here.

## PARTIES

5. At all times relevant, Plaintiff De'Shaunda Smith was a citizen of the United States and a resident of Cuyahoga County, Ohio.

6. Defendant Face 2 Resources is an Ohio corporation with its principal offices located at 19500 Gardenview Drive, Maple Heights, Ohio 44137.

7. Defendant Osaro Igho-Osagie is owner and operator of Face 2 Resources.

## FACTUAL ALLEGATIONS

### Defendants' Business

8. Face 2 Resources is an Ohio corporation that employs direct service providers ("DSPs") to, among other things, help clients maintain or regain their independence, continue living healthy and maintain personal care, as well as allow for regular socialization with family, friends and peers. Osaro Igho-Osagie owns and operates Face 2 Resources.

### Defendants' Status as Employers

9. Defendants are employers within the meaning of the FLSA, 29 U.S.C. § 203(d), and employed non-exempt employees, including Plaintiff and other members of the FLSA Collective.

10. Defendants are an enterprise within the meaning of 29 U.S.C. § 203(r).

11. Defendant Osaro Igho-Osagie is an employer pursuant to 29 U.S.C. § 203(d) in that he is a "person [who] act[ed] directly or indirectly in the interest of an employer," Face 2 Resources, "in relation to employees," including Plaintiff and other members of the FLSA Collective. Defendant Osaro Igho-Osagie is also an employer pursuant to O.R.C. Chapter 4111 and had operational control over significant aspects of Face 2 Resources' day-to-day functions, including the compensation of employees. Defendant Osaro Igho-Osagie is Face 2 Resources' owner.

12. At all times relevant, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13. Upon information and belief, Defendants operate and control an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

3

14. Defendants were each employers of Plaintiff and the other members of the FLSA Collective as each Defendant exercised the power to hire or fire employees; supervised and controlled employees' work schedules or conditions of employment; determined employees' rates and methods of payment; and maintained or were required to maintain records, including employment records.

### Plaintiff's and the FLSA Collective's Employment Status with Defendant

15. Plaintiff was employed by Defendants as an hourly direct service provider ("DSP") from approximately February 16, 2018 to approximately April 12, 2021. Plaintiff worked significant amounts of overtime for Defendants. For example, during the two-workweek pay period from August 15, 2020 until August 28, 2020, Plaintiff worked at least 95 hours, or at least 15 overtime hours during this two-workweek pay period.

16. Part of Plaintiff's job duties included regularly handling multiple goods and products that have been produced or moved in interstate commerce. Part of Plaintiff's job duties included handling products that were manufactured and distributed in interstate commerce that were necessary for Defendants' commercial purpose.

17. At all times relevant, Plaintiff and the FLSA Collective were employees within the meaning of 29 U.S.C. § 203(e) and O.R.C. §§ 4111.01, et seq.

18. At all times relevant, Plaintiff and other members of the FLSA Collective were employees engaged in commerce within the meaning of 29 U.S.C. § 207.

### Defendants' Failure to Pay Overtime Compensation at Time and One Half

19. During their employments with Defendants, Plaintiff and other members of the FLSA Collective were required to work overtime, more than forty (40) hours per workweek. However, Defendants did not pay overtime compensation to Plaintiff and other members of the

FLSA Collective at one and one-half times their "regular rate" of pay. For example, during the two-workweek pay period from August 15, 2020 until August 28, 2020, Plaintiff worked at least 95 hours, and was paid a straight time regular rate of $11.00 per hour for all hours worked, for a total biweekly pay of $1,045. Plaintiff was not paid for the minimum of 15 overtime hours during this two-workweek pay period at time and one half. Defendants did not pay overtime compensation to Plaintiff at the rate of one and one-half times her regular rate for all the hours she worked in excess of forty (40) hours.

20. The FLSA required Defendants to pay overtime compensation to their employees, including Plaintiff and other members of the FLSA Collective, at the rate of one and one-half times their regular rate for the hours they worked in excess of forty. 29 U.S.C. § 207.

21. Defendants did not pay Plaintiff and other members of the FLSA Collective overtime compensation when working more than forty (40) hours in a single workweek as required by the FLSA, 29 U.S.C. § 207.

## Defendants' Failure to Pay All Hours Worked

22. In addition to the above unlawful overtime payroll practices or policies, while Plaintiff and other members of the FLSA Collective were paid on an hourly basis, Defendants consistently failed to pay Plaintiff and the FLSA Collective for all hours worked. 29 U.S.C. §§ 206-207.

23. For example, Defendants failed to calculate and pay Plaintiff and other members of the FLSA Collective for time spent driving between client's homes – worksite-to-worksite travel – in violation of the FLSA. *See* 29 C.F.R. §§ 785.38, 790.6.

24. Moreover, although Defendants suffered and permitted Plaintiff and other members of the FLSA Collective to work more than forty (40) hours per workweek, Defendants

5

failed to pay Plaintiff and other members of the FLSA Collective overtime at a rate of one-and one-half times the regular rate of pay for all hours worked over forty (40) in a workweek. As a result, Plaintiff and other members of the FLSA Collective were not paid overtime for all of their overtime hours worked as required by the FLSA, 29 U.S.C. §§ 201, *et seq.*

25. Defendants' failure to compensate Plaintiff and the FLSA Collective for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay violates the FLSA, 29 U.S.C. § 207 and corresponding Ohio law.

### Defendants' Record Keeping Violations

26. The FLSA and Ohio law required Defendants to maintain accurate and complete records of employees' time worked and amounts paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a. For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2. Ohio law also provides that employers "shall maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed." Ohio Const. Art. II, § 34a.

27. Defendants failed to keep accurate records of hours and overtime worked. Thus, Defendants did not record or pay overtime hours in violation of the FLSA and Ohio law.

**The Willfulness of Defendants' Violations**

28. Defendants knew that Plaintiff and other members of the FLSA Collective were entitled to overtime compensation pay under federal and state law or acted in reckless disregard for whether there were so entitled. In so doing, Defendants willfully circumvented the requirements of the FLSA.

**COLLECTIVE ACTION ALLEGATIONS**

29. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

30. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

31. The FLSA Collective consists of:

All present and former direct service providers ("DSPs") and employees with similar job titles and/or duties of Defendants during the period of three years preceding the commencement of this action to the present.

32. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were non-exempt employees of Defendants, all were subjected to and injured by Defendants' unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek, and all have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

33. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

34. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of 10-20 persons. Such persons are readily identifiable through the payroll records Defendants have maintained, and was required to maintain, pursuant to the FLSA.

## COUNT ONE
### (FLSA Overtime Violations)

35. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

36. Plaintiff brings this claim for violation of the FLSA's overtime provisions.

37. The FLSA requires that "non-exempt" employees, including Plaintiff and other members of the FLSA Collective, are required to be paid overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

38. Plaintiff and other members of the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

39. Defendants did not pay overtime compensation to Plaintiff and other members of the FLSA Collective at the rate of one and one-half times their regular rates for all of their overtime hours.

40. By engaging in the above practices and policies, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

41. As a result of Defendants' violations of the FLSA, Plaintiff and other members of the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff and other members of the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated

damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

## COUNT TWO
### (Ohio Overtime Violations)

42. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

43. Plaintiff brings this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03.

44. At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

45. Defendants' failure to compensate overtime hours violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

46. These violations of Ohio law injured Plaintiff and the FLSA Collective in that they did not receive wages due to them pursuant to Ohio law.

47. O.R.C. 4111.10(A) provides that Defendants, having violated O.R.C. 4111.03 and injured Plaintiff and the FLSA Collective, are "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

## COUNT THREE
### (Retaliation)

48. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

49. The FLSA makes it unlawful for an employer to retaliate, or discharge or discriminate, against an employee who seeks to enforce her rights under the FLSA. *See* 29 U.S.C. § 215(a)(3) ("[I]t shall be unlawful for any person – ... to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding[.]").

50. On or about December 29, 2020, Plaintiff De'Shaunda Smith complained to Defendant Osaro Igho-Osagie that Defendant Face 2 Resources did not pay overtime as required by the FLSA.

51. Plaintiff's complaint was a protected activity under 29 U.S.C. § 215(a)(3).

52. In response to Plaintiff's complaint, Defendant Osaro Igho-Osagie cut Plaintiff's work schedule down to 32 hours per week and assigned her to a client over one hour away from her home.

53. In response to Plaintiff's complaint, Defendants committed illegal retaliatory acts against Plaintiff. Defendants cut Plaintiff's hours and assigned her to a client over one hour away from her home in retaliation for Plaintiff complaining that she did not properly receive overtime pay under the FLSA and state law.

54. Defendants retaliated against Plaintiff De'Shaunda Smith in order to harass and intimidate Plaintiff, and/or to otherwise interfere with Plaintiff's attempt to vindicate her rights under the FLSA and state law.

55. There is a causal link between Defendants' retaliation of Plaintiff De'Shaunda Smith and Plaintiff's complaints about not being paid overtime compensation.

56. Defendants intentionally and willfully retaliated against Plaintiff, and showed reckless disregard of the provisions of the FLSA concerning retaliation by taking adverse action against Plaintiff. Defendant took these actions because Plaintiff engaged in a protected activity under the FLSA. Defendant knew or should have known that the alleged statements made by Plaintiff were valid, or they would not have immediately cut her hours.

57. Defendants' actions constitute retaliation in violation of 29 U.S.C. § 215(a)(3).

58. Plaintiff has suffered damages including but not limited to back wages, liquidated damages, legal costs, attorneys' fees and delay as a result of Defendants' retaliation.

59. Plaintiff is entitled to equitable relief, monetary relief including but not limited to compensatory and other damages, back wages, liquidated damages, reasonable attorneys' fees and costs, and punitive damages pursuant to 29 U.S.C. § 215(a)(3).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Enter judgment against Defendants and in favor of Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b);

C. Award compensatory damages to Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid wages, as well as liquidated damages in an equal amount;

D. Award Plaintiff and other members of the FLSA Collective compensatory damages, prejudgment interest, costs and attorneys' fees incurred in prosecuting this action, and such further relief as the Court deems equitable and just; and

E. Award Plaintiff Smith back wages, compensatory damages, liquidated damages, costs and attorneys' fees, and punitive damages as a result of Defendants' retaliation pursuant to 29 U.S.C. 215(a)(3).

*s/ Ryan A. Winters*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
SCOTT & WINTERS LAW FIRM, LLC
The Caxton Building
812 Huron Rd. E., Suite 490
Cleveland, OH 44115
P: (216) 912-2221   F: (216) 350-6313
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

*Attorneys for Plaintiff*

12

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

                                                  *s/ Ryan A. Winters*
                                                  Ryan A. Winters (0086917)