IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DE'SHAUNDA SMITH, | Case No. 1:21-cv-1031 |
| *On behalf of herself and all others similarly situated*, | MAGISTRATE JUDGE THOMAS M. PARKER |
| Plaintiff, | |
| v. | **ORDER APPROVING FLSA SETTLEMENT AGREEMENT** |
| FACE 2 RESOURCES CORPORATION, et al., | |
| Defendants. | |

This case is now before the court on the parties' Joint Motion for Approval of Settlement, on the terms memorialized in the parties' agreement, filed in conjunction with the motion to approve.  ECF Doc. 27; ECF Doc. 27-1.

Although its provisions are generally not subject to bargaining, waiver, or modification by contract or settlement, the Fair Labor Standards Act ("FLSA") permits settlement of suits brought in federal court upon the court's approval.  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982); *see also Athan v. United States Steel Corp.*, 523 F. Supp.3d 960, 964-65 (E.D. Mich. 2021) (noting that district courts within the Sixth Circuit regularly require court approval of FLSA settlements).  In reviewing an FLSA settlement, courts must ensure that the settlement represents "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.  The reasonableness inquiry

extends to any proposed award of attorney fees. *Laird v. Life Line Screening of Am. Ltd.*, No. 5:21-cv-1244, 2022 U.S. Dist. LEXIS 76830, at *4 (N.D. Ohio Apr. 27, 2022) (citing *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)).

The court finds that the proposed settlement is fair, reasonable, and eliminates the cost and uncertainty of further litigation of plaintiff's claim – including plaintiff's claim for unpaid overtime compensation – and of defendants' defenses thereto. The settlement agreement satisfies the standard for approval of settlements under § 16(b) of the FLSA and resolves a bona fide dispute under the FLSA. The court further finds that the award of attorney fees and costs to plaintiff's counsel is reasonable.

Accordingly, having reviewed the motion (which described the arms-length negotiations that led to the agreement to settle a contested interpretation of the statute under the facts presented), the pleadings and other papers on file in this case, and for good cause established herein, the court enters this order approving the settlement of this matter, including the settlement payments, on the terms and conditions recited in the parties' Joint Stipulation of Settlement and Release. Further, this action is hereby dismissed with prejudice. The court retains jurisdiction to enforce the terms of the settlement agreement.

IT IS SO ORDERED.

Dated: September 8, 2022

Thomas M. Parker
United States Magistrate Judge